## LEWIS MEYERS *v.* FRED FORSTMAN, &c.

**Adverse Possession—Entry Under Void Patent—Extent of Possession.**

Where a party claiming land by adverse possession claims to have entered under a patent which is absolutely void, the patent can not have any force except to show the extent of possession claimed under it.

**Adverse Possession—When Limitations Begin to Run.**

Although a party's entry on land may have been tortious and wrongful from the beginning, yet if he entered under a deed regularly put on record and continued to assert ownership thereunder, the Statute of Limitations began to run from the date of such entry.

APPEAL FROM GRANT CIRCUIT COURT.

December 12, 1872.

OPINION BY JUDGE LINDSAY:

The testimony in this case sufficiently establishes the fact that these appellants and those under whom they claim had for more than twenty years next preceding the institution of their suit, been in

the actual adverse possession of that portion of the fifty-five-acre tract of land to which they were adjudged title.

It may be conceded that the patent to Bishop was void, as it doubtless was, and yet the law of this case is not thereby affected. Hartman entered under his deed from Bishop, and held and claimed to the extent of its boundaries, which included the land in contest. The calls of the deed indicate the extent of his possession, and that possession has only been disturbed in so far as the enclosure around the Baxter improvement encroaches upon it. The possession of those claiming title through Bishop is not analogous to cases in which two legal and valid patents conflict. In such cases it is well settled that the prior patentee can only acquire possession of the land covered by both to the extent that he may actually enclose them.

But as Bishop's patent, in so far as it conflicts with that issued to Walin, is absolutely void, it conferred upon him no right of entry, and can cut no figure other than to indicate the extent of the possession claimed under it. If it be true, as insisted upon by appellants, that the possession of those under whom appellees claim was tortuous and wrongful from the beginning, still, as Hartman entered under a deed regularly put to record, and continued to assert claim of ownership to the lands embraced by such deed, the statute of limitation must be regarded as having began to run against appellant and his vendors from the date of such entry. There may have been breaks in the possession shortly after Hartman's purchase, but for at least twenty years before this suit was instituted it is shown to have been continuous. The amended answer of appellant was not such a pleading as required a reply. It contained only matters of defense, and the fact that appellant chose to ask relief against appellees did not make it incumbent upon them to reply to it. We perceive no error in the action of the court below.

Judgment *affirmed.*

*E. H. Smith, for appellant.*